SHARPLES SEPARATOR CO. v. HALPIN CREAMERIES, INC.

SALES—PRINCIPAL AND AGENT—EVIDENCE.

Where, in action for purchase price of special cream separator installed to demonstrate patented process owned by third party, defendant made claim for damages caused during installation and demonstration, and agency and scope of authority of person installing and demonstrating separator were in issue, certain exhibits bearing thereon, which were offered in evidence, *held*, erroneously rejected.

Appeal from Bay; Houghton (Samuel G.), J. Submitted October 9, 1931. (Docket No. 74, Calendar No. 35,973.) Decided December 8, 1931.

Assumpsit by Sharples Separator Company, a foreign corporation, against Halpin Creameries, Inc., a Michigan corporation, for the purchase price of a cream separator. Verdict and judgment for defendant. Plaintiff appeals. Reversed, and new trial granted.

*Gilbert W. Hand,* for plaintiff.

*Collins & Thompson,* for defendant.

FEAD, J. Plaintiff sued for the purchase price of a "Special Centrifugal C-C Separator," designed exclusively for use in the Campbell-Cooney process for reconditioning sour cream. The order of purchase did not provide for installation by plaintiff and was on 30 days' free trial. The separator itself worked properly. Defendant had verdict of a jury and judgment for damages claimed to have been caused during the installation and demonstration of

the machine by H. D. Wendt, through improper operation of the process. The case presents somewhat involved questions of Wendt's agency and the cause of damage, upon which the testimony might well have been more fully developed.

The Great Lakes Creameries, Inc., owned the Campbell-Cooney process, which had been patented by Cooney, an officer of the corporation. Cooney demonstrated it to defendant, using a DeLaval separator, and defendant consented to try it with a view to contract for its use. Cooney gave defendant a form of royalty agreement, not executed, but which was to be signed and was to govern the use of the process if it were finally accepted by defendant. The form stated that the licensee should provide proper machinery for the process and the licensor should send a man to superintend its installation.

A little later, Cooney made an agreement with plaintiff to supplant the DeLaval with plaintiff's separators for use in the process, under which the Great Lakes Creameries, Inc., was to receive a special discount and Cooney was to install the machines, plaintiff having no responsibility for the installation or the process. Wendt, who had been an employee of the Great Lakes Creameries, Inc., for some years and was experienced in the process, was employed by plaintiff as a salesman. His duties were not defined in the testimony, but, and the time is uncertain, he became its "Director Centrifugal Dairy Process."

Cooney took the order from defendant for the separator and signed it as salesman. It was shipped by plaintiff to defendant. Cooney asked Wendt to install the machine. Defendant received a telegram from plaintiff that Wendt would install. Wendt installed, and it is claimed that in demonstrating

the separator in connection with the process he spoiled a large amount of cream. Later, defendant decided not to go on with the process, notified plaintiff that its separator was rejected, but refused to return it without settlement of damages. Negotiations were had for a considerable time toward adjustment of the controversy, some of them conducted by Wendt. In those negotiations there was no denial by plaintiff that Wendt was its agent to make installation, but, on the contrary, there were fair admissions that it was responsible for such installation. However, it denied responsibility for the process.

In the course of the negotiations, defendant made claim against plaintiff for damages. Sometimes its claim was on account of the separator and sometimes because of operation of the process. Cooney participated in the negotiations, sometimes apparently as representing plaintiff and at other times as representing his own company. Plaintiff offered in evidence several letters in which defendant made claim for damages against the Great Lakes Creameries, Inc., but they were excluded, as was the royalty agreement form.

The testimony is not clear whether the damages were caused in the actual demonstration of the separator itself in connection with the process or in operation of the process under Wendt's instructions not related to demonstration of the machine. The testimony also presents a sharp conflict upon the scope of Wendt's actual and apparent authority to represent plaintiff, especially if the excluded exhibits be considered. On the one hand, the jury could have found that Wendt had actual authority only from the Great Lakes Creameries, Inc., to install the machinery and demonstrate its use with

the process, that defendant understood the installation and demonstration were in furtherance of its trial of the process and that Wendt was acting for Cooney. On the other hand, as there was no showing that defendant was informed of the deal between Cooney and plaintiff, was not advised that Wendt was sent by Cooney to install but was notified by plaintiff that Wendt would make the installation, and he was afterward recognized as its agent for that purpose, the jury could have found that Wendt had apparent or actual authority from plaintiff to make the installation and demonstrate the machine for the use for which it was purchased. The testimony also raises the possibility that Wendt acted for plaintiff in installing and demonstrating the separator as a mechanical device, but was agent of the Great Lakes Creameries, Inc., in demonstrating its use in the process, and also that the damage was caused by operation of the process unconnected with demonstration of the separator. These different phases were clearly presented in the charge of the court, to which no exception was taken.

In view of the possibilities under the testimony, and the fact that Wendt's apparent agency for plaintiff was in issue, as well as his actual authority, we think the excluded exhibits should have been admitted as bearing upon whether and how far defendant accepted Wendt as the agent of plaintiff, or of Cooney.

Judgment reversed, and new trial ordered, with costs.

Butzel, C. J., and Wiest, Clark, McDonald, Potter, Sharpe, and North, JJ., concurred.